UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                MEMORANDUM & ORDER
                                                09-CV-3368 (JS)(AKT)
      -against-

LIONEL BENITEZ,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:     Mary M. Dickman, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   271 Cadman Plaza East
                   Brooklyn, NY 11201-1820

                   Michael T. Sucher, Esq.
                   26 Court Street, Suite 2412
                   Brooklyn, NY 11242

For Defendant:     Lionel Benitez, pro se
                   12 Camp Place
                   Merrick, NY 11566

SEYBERT, District Judge:

       On August 5, 2009, the United States of America commenced this action against Lionel Benitez, pro se, alleging that Mr. Benitez defaulted on student loans he received in 1978 and 1981. The United States has now moved for summary judgment. For the following reasons, that motion is GRANTED.

## BACKGROUND

       On January 5, 1978 and September 23, 1981, the Pan American Federal Credit Union issued Mr. Benitez federally insured student loans totaling $4,000. In return, an individual

signing Mr. Benitez's name executed and delivered promissory notes to the Department of Health, Education and Welfare, Office of Education, that carried a principal amount of $4,000. Mr. Benitez has "no recollection of ever taking loans or receiving money from Pan American Federal Credit Union." (Def. Answer at 1; see also Def. 56.1 Stmt. ¶ 3(A)). And Mr. Benitez also claims that he had no need for loans, because he "received Federal Grants that paid for my education." (Def. 56.1 Stmt. ¶ 3(B)). But Mr. Benitez does not affirmatively deny that the promissory notes contain his signature, nor does he affirmatively claim to be an identity theft victim.

The student loans went into default, apparently without Mr. Benitez ever making a single principal payment. As required by law, the Department of Education then purchased the loans from Pan American, becoming the assignee thereof. Through private counsel, Michael T. Sucher, Esq., it has now commenced this action for unpaid principal, interest, and costs. In addition, it requests that Mr. Benitez pay an additional 20%, on top of his liability, as attorneys' fees to Mr. Sucher.

DISCUSSION

I. Summary Judgment Standard

"Summary judgment is appropriate where there is no genuine dispute concerning any material facts, and where the moving party is entitled to judgment as a matter of law." Harvis

Trien & Beck, P.C. v. Fed. Home Loan Mortgage Corp. (In re Blackwood Assocs., L.P.), 153 F.3d 61, 67 (2d Cir. 1998) (citing Fed. R. Civ. P. 56(c)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134.

"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256). "Mere conclusory allegations or denials will not suffice." William v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).

II. <u>The United States is Entitled to Summary Judgment</u>

The United States has met its initial summary judgment burden. The promissory notes contain Mr. Benitez's signature, and Mr. Benitez does not contend, much less evidence, that this signature is a forgery. See generally, <u>Owusu v. New York State Ins.</u>, 655 F. Supp. 2d 308, 317 (S.D.N.Y. 2009) ("speculative assertions" that signature was forged do not defeat summary judgment). And the United States has provided a Certificate of Indebtedness, certified under penalty of perjury, that Mr. Benitez continues to owe $4,000 in principal on those loans, along with $7,899 in interest, as of February 3, 2009, that continues to accrue at a rate of $0.77 per day. (Compl. Ex. 1).

In response to this evidence, Mr. Benitez has failed to raise any triable issue of fact. True, Mr. Benitez claims that he doesn't remember taking out these loans thirty years ago. But his "failure to recall" receiving the loans is not "sufficient to survive summary judgment." <u>Stein v. U.S.</u>, 07-CV-2684, 2009 WL 195953, at *6 (S.D.N.Y. Jan. 28, 2009); <u>G-I Holdings, Inc. v. Baron & Budd</u>, 218 F.R.D. 409, 414 (S.D.N.Y. 2003). And, although Mr. Benitez claims that he did not need the loans because he "received Federal Grants" to cover his education, Mr. Benitez's evidence shows only that he received a $575 grant in March 1978. (Def. Ex. 1). It does not refute

that Mr. Benitez used student loans to pay the rest of his tuition, either for the Spring 1978 semester, or at other times.

It follows that the United States is entitled to summary judgment.

III. Damages, Costs and Attorneys' Fees

The Certificate of Indebtedness establishes that, as of February 3, 2009, Mr. Benitez owed $4,000 in principal and $7,899.09 in interest, and continued to incur interest at a rate of $0.77 per day.[1] 577 days have passed since February 3, 2009, so Mr. Benitez owes an additional $444.29 in interest (i.e., 577 multiplied by 0.77). It follows that the United States is entitled to judgment in the amount of $4,000 in principal and $8,343.38 in interest, for a total money judgment of $12,343.38.

The Court also finds that the United States is entitled to costs in the amount of $350, reflecting this Court's filing fee. See 28 U.S.C. § 2412.

The Higher Education Act of 1965 also requires Mr. Benitez to pay "reasonable collection costs." 20 U.S.C. § 1091a(b)(1). "The Department of Education has interpreted such costs to include, among other things, attorneys' fees." U.S. v.

---

[1] At one point, the United States claims per diem interest of $14.93 per day, not $0.77 per day. See Sucher Aff. ¶ 25. The United States cites nothing to support this figure. Given that the United States elsewhere recognizes the daily interest rate as $0.77, and supports that lower rate with evidence, the Court assumes that the suggested $14.93 per diem rate is a typographical error.

5

Washington, 08-CV-5083, 2009 WL 6636862, at *3 (E.D.N.Y. 2009) (citations and quotations omitted). Here, Mr. Sucher has not submitted any records to reflect the time he has spent on this case, or otherwise briefed the typical lodestar approach. Instead, he simply requests attorneys' fees totaling 20% of the outstanding debt.

Mr. Sucher has brought several similar actions in this District. In the significant number of these decisions, the Court has declined to award him the 20% fee he requested, and instead calculated fees under the lodestar approach while chiding Mr. Sucher for not keeping accurate and contemporaneous time records. See Washington, 2009 WL 6636862 at *7-8; U.S. v. Davis, 05-CV-5447, 2007 WL 2287889, at *5 (E.D.N.Y. 2007); U.S. v. O'Connor, 04-CV-2546, 2006 WL 1419388, at *6 (E.D.N.Y. 2006) (collecting cases). I, however, have previously found that a 20% fee award is reasonable, relying on Judge Sifton's decision in United States v. Vilus, 419 F. Supp. 2d 293, 297 (E.D.N.Y. 2005). See U.S. v. Tobee, 10-CV-0731, 2010 WL 1853767, at *1 (E.D.N.Y. 2010) (Seybert, J.). And Judge Spatt has also agreed with Judge Sifton and myself. See U.S. v. Curasi, 07-CV-5006, 2009 WL 3055286, at *2 (E.D.N.Y. 2009) (Spatt, J.). I see no reason to change my opinion now. Consequently, the Court orders Mr. Benitez to pay attorneys' fees in the amount of $2,468.68.

CONCLUSION

Plaintiff's summary judgment motion is GRANTED. Judgment is entered in Plaintiff's favor. Plaintiff is awarded money damages of $12,343.38, representing $4,000 in unpaid principal and $8,343.38 in unpaid interest, plus $350 in costs and $2,468.68 in attorneys' fees. The Clerk of the Court is directed to mark this matter as closed.

SO ORDERED

_/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
September 3, 2010